UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| CHARLES ANTHONY LEE,<br><br>    Plaintiff,<br><br>    v.<br><br>CAESARS ENTERTAINMENT CORPORATION d/b/a Harvey's Hotel and Casino,<br><br>    Defendant. | Case No. 3:17-cv-00430-MMD-CBC<br><br>ORDER |

**I.    SUMMARY**

*Pro se* Plaintiff Charles Anthony Lee sued Defendant Caesars Entertainment Corporation, alleging premises liability arising from an incident where he was stabbed by an unknown assailant in a restroom in Defendant's Harvey's Hotel and Casino ("the Casino"). Before the Court is Defendant's motion for summary judgment (the "Motion").[1] (ECF No. 18) The Court will grant Defendant's Motion because Defendant has established that the stabbing Plaintiff suffered was unforeseeable, in part due to Plaintiff's failure to take timely and necessary actions to prosecute his case.

///
///
///
///

---

[1] The Court also reviewed Plaintiff's response (ECF No. 30), and Defendant's reply (ECF No. 32), along with the other filings related to Defendant's Motion (ECF Nos. 22, 28).

## II. BACKGROUND

### A. Factual Background

The following facts are taken from the Complaint.[2] (ECF No. 4.) Plaintiff was spending the Fourth of July holiday, 2016, at the Casino with his then-fiancée. (*Id* at 2.) Plaintiff went to use a restroom at the Casino after viewing a fireworks display. (*Id.*) While he was washing his hands, an unknown assailant came up behind Plaintiff and stabbed him multiple times with a fold-out knife. (*Id.*) Plaintiff fought back, but nonetheless suffered multiple lacerations. (*Id.*) Plaintiff's assailant was an intoxicated Caucasian male. (*Id.*)

Neither Casino security nor the local police[3] successfully apprehended Plaintiff's assailant. (*Id.* at 1-5.) Plaintiff alleges that Defendant's follow-up and investigation of the stabbing incident was inadequate. (*Id.* at 3-5.) Plaintiff further alleges that Defendant could have put additional measures in place to decrease the risk that something like the stabbing incident would happen. (*Id.* at 4.) Plaintiff, who is African-American, also alleges that Defendant's inability to apprehend his assailant and general lack of concern for his well-being following the incident indicate racial bias on Defendant's part. (*Id.*)

### B. Procedural History

Plaintiff initiated this case on July 13, 2017 (ECF No. 1), and took no further action in the case until October 29, 2018 (ECF No. 28). In the interim, Magistrate Judge Cooke held a case management conference on December 6, 2017 (ECF No. 14), and issued a scheduling order that same day (ECF No. 15). Per the scheduling order, discovery was due by April 9, 2018, dispositive motions were due by May 9, 2018, and a joint pretrial order was due by June 8, 2018. (ECF No. 15.) At the case management conference before Judge Cooke, Defendant's then-counsel indicated he had no contact with Plaintiff. (ECF

---

[2] Defendant's Motion does not dispute the facts as described herein. (ECF No. 18 at 5.)

[3] Plaintiff did not sue the local police. (ECF No. 4.) Plaintiff only sued Defendant. As such, the Court will not address in detail Plaintiff's apparent contention that the local police's response to the stabbing incident was inadequate. (*Id.* at 4.) Further, the Court will not impute any duty Plaintiff seeks to impose on the local police to Defendant.

2

No. 14.) Judge Cooke advised Defendant's then-counsel to file a dispositive motion by March 1, 2018 if Plaintiff continued to not pursue this case. (*Id.*)

In a February 8, 2018, status report, Defendant's then-counsel indicated he still had not heard from Plaintiff. (ECF No. 17.) He also noted Defendant served discovery requests on Plaintiff, including requests for admission. (*Id.* at 2.) Plaintiff never responded to those requests for admission, which were due January 30, 2018. (*Id.*) Defendant also indicated in that filing that it may attempt to dispose of the case by filing a motion for summary judgment on the basis of Plaintiff's non-response to the requests for admission—because the requests for admission were deemed admitted at that point. (*Id.*)

Sure enough, Defendant filed its Motion on March 1, 2018 predicated on Plaintiff's deemed admissions to Defendant's requests for admission, which effectively negated key elements of Plaintiff's case. (ECF No. 18.) On October 15, 2018, the Court issued a notice of intent to dismiss the case for lack of prosecution unless Plaintiff filed a motion for extension of time to respond to Defendant's Motion, along with a response to Defendant's Motion, within 15 days. (ECF No. 27.) On October 29, 2018, Plaintiff took his second action in the case—requesting an additional 30 days to find a lawyer and file a response to Defendant's Motion. (ECF No. 28.) The Court granted his request. (ECF No. 29.)

Plaintiff then timely filed[4]—still *pro se*—a response to Defendant's Motion and what appear to be untimely responses to Defendant's previously-served requests for admission, along with an apparent copy of the police report about the stabbing incident and a letter from the State of Nevada Department of Administration that appears to indicate Plaintiff was paid $18,200 to compensate him for lost wages he suffered because of the stabbing incident. (ECF No. 30.) Defendant then timely filed a reply in support of its Motion, in which Defendant maintains it is entitled to summary judgment, and argues that the Court should

---

[4]The response was only timely because of the Court's notice of intent to dismiss for lack of prosecution and subsequent minute order. (ECF Nos. 27, 29.) Otherwise, it was filed months late.

1 not permit Plaintiff to amend his responses (really, non-responses) to Defendant's
2 requests for admission. (ECF No. 32.)

**III.	LEGAL STANDARD**

"The purpose of summary judgment is to avoid unnecessary trials when there is no dispute as to the facts before the court." *Nw. Motorcycle Ass'n v. U.S. Dep't of Agric.*, 18 F.3d 1468, 1471 (9th Cir. 1994). Summary judgment is appropriate when the pleadings, the discovery and disclosure materials on file, and any affidavits "show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). An issue is "genuine" if there is a sufficient evidentiary basis on which a reasonable fact-finder could find for the nonmoving party and a dispute is "material" if it could affect the outcome of the suit under the governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Where reasonable minds could differ on the material facts at issue, however, summary judgment is not appropriate. *See id.* at 250-51. "The amount of evidence necessary to raise a genuine issue of material fact is enough 'to require a jury or judge to resolve the parties' differing versions of the truth at trial.'" *Aydin Corp. v. Loral Corp.*, 718 F.2d 897, 902 (9th Cir. 1983) (quoting *First Nat'l Bank v. Cities Serv. Co.*, 391 U.S. 253, 288-89 (1968)). In evaluating a summary judgment motion, a court views all facts and draws all inferences in the light most favorable to the nonmoving party. *See Kaiser Cement Corp. v. Fishbach & Moore, Inc.*, 793 F.2d 1100, 1103 (9th Cir. 1986).

The moving party bears the burden of showing that there are no genuine issues of material fact. *See Zoslaw v. MCA Distrib. Corp.*, 693 F.2d 870, 883 (9th Cir. 1982). Once the moving party satisfies Rule 56's requirements, the burden shifts to the party resisting the motion to "set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 256. The nonmoving party "may not rely on denials in the pleadings but must produce specific evidence, through affidavits or admissible discovery material, to show that the dispute exists," *Bhan v. NME Hosps., Inc.*, 929 F.2d 1404, 1409 (9th Cir.

4

1991), and "must do more than simply show that there is some metaphysical doubt as to the material facts." *Orr v. Bank of Am., NT & SA*, 285 F.3d 764, 783 (9th Cir. 2002) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient." *Anderson*, 477 U.S. at 252.

Courts "tolerate informalities from civil pro se litigants," *Rand v. Rowland*, 154 F.3d 952, 957 (9th Cir. 1998) (en banc), because they have a statutory right to self-representation in civil matters and must be ensured meaningful access to the courts (*see id.*). However, pro se litigants must still follow the procedural rules. *See Kuroda v. Hertz Corp.*, 60 F.3d 833 (Table), 1995 WL 394276, at *1-*2 (9th Cir. 1995).

**IV. DISCUSSION**

While the Court recognizes that Plaintiff unfairly suffered a violent attack at the Casino, Defendant is entitled to summary judgment as discussed herein.

**A. Governing Law**

The Court construes Plaintiff's Complaint as alleging premises liability. (ECF No. 4 at 1.) Plaintiff must therefore show that Defendant was negligent. *See Estate of Smith ex rel. Smith v. Mahoney's Silver Nugget, Inc.*, 265 P.3d 688, 690 (Nev. 2011). To prevail on a negligence claim under Nevada law, a plaintiff must establish four elements: (1) the existence of a duty of care, (2) a breach of that duty, (3) legal causation, and (4) damages. *See Sanchez ex rel. Sanchez v. Wal-Mart Stores, Inc.*, 221 P.3d 1276, 1280 (Nev. 2009). The first of the four elements is most relevant here. *See* NRS 651.015. In this context, where Plaintiff seeks to hold Defendant, the operator of a hotel and casino, liable for his injuries caused by a non-employee third person:

> NRS 651.015(2)(a) states that innkeepers owe a duty of care for on-premises injuries caused by third parties when the wrongful act which caused the death or injury was foreseeable. The court shall determine as a matter of law whether the wrongful act referred to in NRS 651.015(2)(a) was foreseeable[.] NRS 651.015(2). If an injury is unforeseeable, then the

5

> innkeeper owes no duty, and the district court has no occasion to consider the remaining elements of the plaintiffs cause of action[.]

*Humphries v. New York-New York Hotel & Casino*, 403 P.3d 358, 360-61 (Nev. 2017), *reh'g denied* (Jan. 4, 2018), *reconsideration en banc denied* (Apr. 27, 2018) (internal quotation marks, punctuation, and citations omitted). Thus, the threshold question before the Court is whether Plaintiff's injury was foreseeable.

### B. Rule 36(a)(3)

As particularly relevant to this key question of foreseeability, Plaintiff did not timely respond to the following request for admission Defendant served on him: "The attack against [Plaintiff] that is the subject of this litigation was unforeseeable." (ECF No. 18 at 6.) Unfortunately for Plaintiff, by not timely responding to that request for admission, Plaintiff is deemed to have admitted that the stabbing attack was unforeseeable. *See* Fed. R. Civ. P. 36(a)(3). Further, "[u]nanswered requests for admissions may be relied on as the basis for granting summary judgment." *Conlon v. United States*, 474 F.3d 616, 621 (9th Cir. 2007) (citation omitted). Thus, the Court could grant summary judgment to Defendant here on the basis of Plaintiff's non-response to this request for admission alone—because it establishes that Plaintiff's injury was unforeseeable. *See Humphries*, 403 P.3d at 360-61 ("If an injury is unforeseeable, then the innkeeper owes no duty. . .").

### C. Rule 36(b)

However, Rule 36 also provides a mechanism Plaintiff could have used to withdraw or amend this response. *See* Fed. R. Civ. P. 36(b). "A matter admitted under this rule is conclusively established unless the court, on motion, permits the admission to be withdrawn or amended." *Id.* But Plaintiff did not take advantage of this mechanism. Plaintiff has not moved the court to amend or withdraw his response. (ECF No. 30.)

If Plaintiff had moved the Court under Rule 36(b), the Court could have exercised its "discretion to grant relief from an admission made under Rule 36(a) only when (1) 'the presentation of the merits of the action will be subserved,' and (2) 'the party who obtained the admission fails to satisfy the court that withdrawal or amendment will prejudice that

party in maintaining the action or defense on the merits.'" *Conlon*, 474 F.3d at 621 (citation omitted). Because Plaintiff is proceeding *pro se*, and it will not change the Court's analysis here, the Court will briefly conduct the Rule 36(b) analysis. *See Rand*, 154 F.3d at 957 ("[W]e tolerate informalities from civil pro se litigants.").

Had Plaintiff moved the Court under Rule 36(b), the Court would have denied the motion. The first of the two Rule 36(b) factors would have favored granting the motion, because the admission discussed above torpedoes Plaintiff's case. *Conlon*, 474 F.3d at 622 ("[B]ecause upholding the deemed admissions eliminated any need for a presentation on the merits, [plaintiff] satisfies the first prong of the test in Rule 36(b)."). However, the second factor would have favored denying the motion. *See id.* at 622-26 (affirming district court's denial of Rule 36(b) motion, though it was fatal to the plaintiff's case, where granting the motion would have prejudiced the defendant because the defendant "relied on the admissions for a total of two and a half months, through the discovery and dispositive motion cut-off dates, with no indication that [the plaintiff] intended to file a motion to withdraw his admissions," and only eight days remained before trial when the plaintiff filed his Rule 36(b) motion). Here, while the Court has not yet set a trial date, the discovery and dispositive motion deadlines have long since passed (ECF No. 15), and Plaintiff waited nearly ten months to attempt to amend his deemed admission (ECF No. 30), without seeking the Court's leave as Rule 36(b) requires. And Defendant continues to rely on this key deemed admission. (ECF No. 32.) Thus, the Court would have denied Plaintiff's Rule 36(b) motion had he brought one.

**D. Plaintiff's Case Lacks Merit**

Further, having reviewed everything submitted by Plaintiff to the Court, whether admissible or not, Plaintiff has presented no evidence that the stabbing attack he suffered in the bathroom of the Casino was foreseeable. To establish that the attack was foreseeable, Plaintiff would have had to present evidence of other stabbings in the same or other bathrooms in the Casino that occurred under similar circumstances. *See Estate*

*of Smith*, 265 P.3d at 693 ("[W]e conclude that the district court properly determined that the fatal shooting was unforeseeable under NRS 651.015(3)(b) 'because there were no prior incidents of similar wrongful acts [that] occurred on the premises.'"); *see also Racine v. PHW Las Vegas, LLC*, 669 F. App'x 845 (9th Cir. 2016). But Plaintiff has offered no such evidence.

Conversely, Defendant has presented evidence that the stabbing incident was unforeseeable—Plaintiff's deemed admission. (ECF No. 18 at 6.) Thus, even if the Court were to overlook Plaintiff's multiple procedural missteps here, the Court would still find that Defendant is entitled to summary judgment. *See Conlon*, 474 F.3d at 621 ("Unanswered requests for admissions may be relied on as the basis for granting summary judgment.") (citation omitted).

In sum, the Court finds that Defendant is entitled to summary judgment because Defendant has presented undisputed evidence showing the stabbing Plaintiff suffered was unforeseeable, and thus Defendant owed Plaintiff no duty.

**V.   CONCLUSION**

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of Defendant's Motion.

It is therefore ordered that Defendant's motion for summary judgment (ECF No. 18) is granted.

The Clerk of the Court is directed to enter judgment accordingly and close this case.

DATED THIS 14th day of December 2018.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE